Brady, J.
This action was brought to recover for goods sold to Victoria M. Young and upon a guaranty signed by the defendant Haberstro.
The guaranty is as follows:
“Buffalo, October 9, 1882.
“For and in consideration of the sum of one ($1) dollar to me in hand paid, the receipt whereof I hereby acknowledge, I hereby guaranty unto James G-. Johnson, of 600 *226 Broadway, New York, the prompt payment of all bills of goods they may sell and deliver unto Mrs. Victoria M. Young, of 38 East Genessee street, Buffalo,. N. Y., said amount not to exceed the sum of four hundred ($400) dollars. These goods are sold on a credit of thirty days, and in case gf default on her part to meet the bills when due, I promise to pay same as soon as I receive notice to that effect.
“jos. l. haberstro:
“Witness: Ph. L. Habebstbo.”
The sales were made in the fall of 1883, and by the plaintiffs as a firm. The guaranty, it will be perceived at once, was for goods to be sold by the plaintiff Johnson, who at the time of its date was not in partnership, and having been thus given, the firm cannot maintain an action upon it for .goods sold by them. The defendant Haberstro had a right to prescribe the terms of his engagement, and now has the right to insist upon a strict compliance with them. His contract is one said to be in strictissimi juris. Even a guaranty to a member of a firm is not one upon which the firm can maintain an action for goods sold and delivered under it, if there be no evidence that the guarantor was advised that the goods were to be supplied by the firm. The question seems to be at rest in this state. Barns et al. v. Barrow, 61 N. Y., 39; Evansville Nat. Bank v. Kaufmann, 93 id., 273. Under these authorities it is clear that the plaintiffs could not succeed in charging the defendant. The issues at the trial involved and invoked this rule. The plaintiff’s counsel, it is true, insisted that the answer was defective and presented no material issue, containing neither a general nor a specific denial; but this was an erroneous view of .it. The answer is peculiar in form, perhaps inartistic, but when analyzed it is a denial of any knowledge or information sufficient to form a belief of any fact contained in the complaint which is not admitted in the answer, and is sufficient therefore under the decision of this court in McGuinness v. The Mayor (13 Weekly Dig., 522). This denial was followed by defenses stated which were utterly inconsistent with any intention or design to admit the validity of the claim—defenses which it is not necessary now to consider.
The plaintiffs’ case, as revealed, showed that they had no cause of action against the defendant Haberstro, and there was no other course to pursue than to dismiss the complaint. In such a case as this, if it were necessary to invoke the power, the court could conform the pleadings to the facts proved, in the proper administration of justice, *227 the plaintiffs’ asserted rights resting upon an instrument which is controlled by well established rules.
The judgment should therefore be affirmed, with costs.
Daniels and Bartlett, JJ., concur.